UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY LEE MOURNING,<br>Booking #23710228,<br><br>                             Plaintiff,<br><br>vs.<br><br>IRS-INTERNAL REVENUE SERVICE, et al.,<br><br>                            Defendants. | Case No.  3:23-cv-00970-RBM-WVG<br><br>**ORDER:**<br><br>**1)  DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]; and**<br><br>**(2)  DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Jeffery Lee Mourning, currently incarcerated at the San Diego Central Jail, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on May 23, 2023. (Doc. 1.)  He did not prepay the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP").  (Doc. 2.)

**I.      Motion to Proceed IFP**

"All persons, not just prisoners, may seek IFP status."  *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011).  Prisoners like Mourning, however,

"face an additional hurdle." *Id.*  In order to further "the congressional goal of reducing frivolous prisoner litigation in federal court," the Prison Litigation Reform Act ("PLRA") § 804(g), 28 U.S.C. § 1915(g) (1996) provides that prisoners with "three strikes" or more cannot proceed IFP.  *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).  A prisoner has three strikes if

> on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted . . . .

28 U.S.C. § 1915(g).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'"  *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).  Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from proceeding IFP in federal court unless he can show he is facing "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007).

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP but "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1119–20 (9th Cir. 2005).  Upon reviewing its docket, the Court finds that Plaintiff has three strikes that render him ineligible to proceed IFP.  Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).  After checking for cases filed under the same name, different spellings of the same name, and comparing handwriting and signatures, it appears that Plaintiff Jeffery Lee Mourning is the same

individual who filed the following three actions.  They are:

(1)  *Mourning v. All Pro Bail Bonding, et al.* Civil Case No. 3:13-cv-01930-JLS-JMA (S.D. Cal. Nov. 8, 2013) (Order dismissing action for failing to state a claim pursuant to 28 U.S.C. §1915A) (Doc. 9) (strike one);

(2)  *Mourning v. Lacher, et al.*, Civil Case No. 3:14-cv-00053-H-KSC (S.D. Cal. May 16, 2014; Dec. 16, 2014) (Orders dismissing action for failing to state a claim pursuant to 28 U.S.C. § 1915A and for failing to prosecute) (Docs. 3, 5) (strike two)[1];

(3)  *Mourning v. Office of the Attorney General, et al.*, Civil Case No. 3:20-cv-00804-AJB-JLB (S.D. Cal. Sept. 14, 2020) (Order dismissing action for failing to state a claim and for seeking damages against immune defendants, pursuant to 28 U.S.C. § 1915A, and for failing to prosecute) (Doc. 4) (strike three)

Accordingly, because Mourning has accumulated three "strikes" pursuant to § 1915(g) while incarcerated, he cannot proceed IFP unless he meets the "imminent danger" exception to the three strikes provision of the PLRA.  In order to do so, his pleadings must contain a "plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."  *Cervantes*, 493 F.3d at 1055; *see also* 28 U.S.C. § 1915(g).  "Imminent danger" requires an allegation that a harm is "ready to take place," or "hanging threateningly over one's head," *Cervantes*, 493 F.3d at 1056, and "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm."  *Hernandez v. Williams*, No. 21cv347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (citing *Cervantes*, 493 F.3d at 1053).

Mourning's Complaint alleges Defendants have "deliberately, intentionally, and purposefully obstruct[ed] the process of all three of Plaintiff's United States Treasury stimulus checks . . . by wrongfully transferring my tax forms to the . . . Philadelphia IRS

---

[1] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend.").

& Houston IRS requesting a sixty-day extension each time and never process[ing] my entitled stimulus checks . . ." (Compl. at 2.) He also alleges his rights as a disabled inmate have been violated. (*Id.* at 3.) Based on the allegations in Mourning's Complaint, the Court finds Mourning has not met the imminent danger exception to the three strikes rule because he is not facing a harm that is "ready to take place," or "hanging threateningly over [his] head." *Cervantes*, 493 F.3d at 1056 (quoting 28 U.S.C. § 1915(g)); *see, e.g.*, *Jensen v. Knowles*, 621 F. Supp. 2d 921, 927 (E.D. Cal. 2008) (finding plaintiff's allegation that defendants were withholding religious books not sufficient to satisfy the imminent danger exception of § 1915(g)).

## II.   Conclusion and Orders

For the reasons set forth above, the Court:

(1)  **DENIES** Plaintiff's Motion to Proceed IFP (Doc. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and

(6) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated:  August 14, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE